# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD D. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1866 TCM |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Richard D. Peterson (registration no. 512808), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $81.70. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court finds that the complaint does not comply with the Federal Rules of Civil Procedure, and the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $408.50, and an average monthly balance of $182.48. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $81.70, which is 20 percent of plaintiff's average monthly deposit..

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

The complaint is 249 pages long and consists primarily of material that is unnecessary to present his legal claims. For example, plaintiff has recited the result of nearly every single medical exam he has undergone since 2002. Additionally, plaintiff attempts to bring claims against several defendants that did not arise from the same transactions or occurrences.

The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are required to abide by the Federal Rules. E.g., Williams v. Harmon, No. 07-3800, 2008 WL 4331125 (8th Cir. 2008) (unpublished slip opinion); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement" of a plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Id. Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The complaint does not comply with Rule 8 because it does not contain a short and plain statement of plaintiff's claims, and the claims in the complaint are not simple, concise and direct. The complaint is unnecessarily long and complex.

The complaint does not comply with Rule 20(a) because the allegations regarding the Northeast Correctional Center defendants cannot have arisen from the

same transactions and occurrences as those regarding the Western Missouri Correctional Center defendants.

Because plaintiff is pro se, the Court will allow plaintiff an opportunity to file an amended complaint that complies with the Federal Rules. Plaintiff shall have 30 days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $81.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

Dated this __10th__ day of November, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE