# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD D. PETERSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )    Case number 4:10cv1866 TCM |
| | ) |
| **CORRECTIONAL MEDICAL** | ) |
| **SERVICES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on the motion of plaintiff, Richard D. Peterson, for the appointment of counsel.

Pending in this action is an eighty-one page typed verified amended complaint against Correctional Medical Services, four medical directors, and four doctors for alleged deliberate indifference to Plaintiff's serious medical needs. In support of each of his nineteen constitutional claims, Plaintiff outlines the supporting facts in thirty-seven typed pages. These pages include references to medical terminology, medications, and dates and times. The claims and supporting allegations are cogent and relevant.

A case management order was issued in June 2011, allowing Defendants leave to take Plaintiff's deposition and setting a deadline for the filing of any motions for summary judgment. Defendants have requested, and been granted, an extension of both the discovery and dispositive motions deadlines.

Plaintiff in a five-page, typed motion supported by a two-page affidavit moves this Court for appointment of counsel, explaining the difficulties he will have as a prisoner

conducting discovery, taking depositions, responding to a motion for summary judgment, and trying the case.

In deciding whether to grant Plaintiff's motion, the Court must decide "whether [he] and the [C]ourt will substantially benefit from the appointment of counsel, considering the factual and legal complexity of the case, [P]laintiff's ability to investigate the facts, the existence of conflicting testimony, and the ability of [P]laintiff to present his claim." **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); accord **Davis v. Scott**, 94 F.3d 444, 445 (8th Cir. 1996). Consideration of these factors militates against the appointment of counsel at this stage of the proceedings. Plaintiff's complaint is articulate, cogently frames the relevant legal and factual issues, shows an ability to argue the issues, and indicates a familiarity with the medical issues. It is not now known whether there will be a trial. His motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 45] is DENIED without prejudice.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  12th  day of October, 2011.